PHILLIP G. CLINE, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cline v. Commissioner
Docket No. 11835-88.
United States Tax Court
T.C. Memo 1989-572; 1989 Tax Ct. Memo LEXIS 571; 58 T.C.M. (CCH) 473; T.C.M. (RIA) 89572; October 25, 1989. Phillip G. Cline, Sr., pro se. Douglas S. Polsky, for the respondent. PARR
SUPPLEMENTAL MEMORANDUM OPINION PARR, Judge: This case is before the Court due to conflicting proposed computations and decisions filed by the parties under Rule 155, [1] in compliance with the Court's Memorandum Opinion filed June 27, 1989. Cline v. Commissioner,T.C. Memo. 1989-316. *572 On August 24, 1989, Respondent's Computation For Entry Of Decision was filed with the Court, together with a proposed decision stating in part: ORDERED and DECIDED: That there are deficiencies in income taxes due from petitioner for the taxable years 1982, 1983 and 1984 in the amounts of $5,618.00, $2,546.00, and $2,377.00, respectively; That there are no additions to tax due from the petitioner for the taxable years 1982, 1983, and 1984, under the provisions of I.R.C. § 6661; That there are additions to the tax due from the petitioner for the taxable years 1982, 1983, and 1984, under the provisions of section 6653(a)(1), in the amounts of $280.90, $127.30 and $118.85, respectively; and For purposes of computing the 50% additions to tax pursuant to section 6653(a)(2) for the taxable years 1982, 1983 and 1984, the additions to tax shall be computed on $5,618.00, $2,546.00 and $2,134.00 of the deficiencies in income taxes, respectively. * * * On August 28, 1989, Petitioner's Computation For Entry Of Decision was filed with the Court, together with a proposed decision. The terms of petitioner's proposed decision agreed with respondent's proposed decision, except as follows: *573 That there are additions to tax due from the petitioner for the taxable years 1982, 1983, and 1984, under the provisions of section 6653 a)1), [in] the amounts of $121.00, $119.50, and $49.60, respectively; and For purposes of computing the 50% additions to tax pursuant to section 6653 a)2) for the taxable years 1982, 1983, and 1984, the additions to tax shall be computed on $2,420.00, $2,390.00, and $992.00 of the deficiencies in income taxes, respectively. * * * At issue, then, is the computation of the additions to tax under sections 6653(a)(1) and (a)(2). These sections provide in pertinent part: (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax * * * is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment *574 described in paragraph (1) which is attributable to negligence or intentional disregard referred to in paragraph (1) * * *. If a return is timely filed, the term "underpayment" means a "deficiency" as defined in section 6211. See sec. 6653(c)(1). For purposes of this case, the terms "underpayment" and "deficiency" mean the excess of the tax liability required to be shown on a return over the tax liability actually shown on the return. See sec. 6211(a). We held in our earlier opinion "that petitioner is liable for additions to tax for negligence under section 6653(a)(1) and an additional amount, under section 6653(a)(2), equal to 50 percent of the interest payable on the portion of the deficiency attributable to the overstated farm losses." Cline v. Commissioner,supra slip opinion at 4. Petitioner computes the additions to tax under section 6653(a)(1) by applying the 5-percent factor only to the portion of the redetermined deficiency attributable to the overstated farm losses. In contrast, respondent applied the 5 percent factor to the total deficiency each year, which is consistent with the plain language of section 6653(a)(1). See Commissioner v. Asphalt Products Co.,482 U.S. 117 (1987). *575 Accordingly, we agree with and accept respondent's computation of the additions to tax under section 6653(a)(1). Next, the parties computed the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations under section 6653(a)(2) in different ways. Petitioner computes this amount by multiplying the disallowed farm losses each year times a fraction, the numerator of which is the redetermined deficiency (or underpayment) and the denominator of which is the redetermined taxable income. [2] Respondent determines this amount by computing the excess of the tax liability on the redetermined taxable income over the tax liability on the redetermined taxable income without regard to negligent items, not to exceed the redetermined deficiency. [3] We agree with and accept respondent's computation. *576 Petitioner's computation incorrectly assumes that the redetermined deficiency (the numerator) is attributable to the redetermined taxable income (the denominator), when it is actually attributable only to the total of all adjustments made to petitioner's reported taxable income. In doing so, petitioner's computation understates the portion of the deficiency attributable to the negligently claimed farm losses. Petitioner's computation breaks down the components of the redetermined deficiencies for the years in issue as follows: 1982
1983
1984
Taxable income as filed or corrected
$17,839 $1,154 $12,940 Concessions during audit and appeals: Line 9, dividends
348 Line 10, state tax refund
(1,350)
Line 13, sale of stock
(47)
Line 19, schedule F
12,574 15,412 9,679 Line 15, form 4797
278 (193)
Line 34, schedule A
(1,659)
(949)
Concessions in court: Line 19, schedule F
700 1,224 Line 24, form 2106
755  1,312. 1,707 Final taxable income
$30,819 $17,721 $23,184 Tax liability
$7,502 $2,751 $4,031 Investment tax credit
(1,376)
(205)
(522)
Line 53, form 4255
90 Paid with return
(508)
(1,222)
Additional tax due
$5,618 2,546 2,377 *577 Thus, petitioner's computation shows total adjustments to taxable income of $12,980 ($30,819 minus $17,839), $16,567 ($17,721 minus $1,154), and $10,244 ($23,184 minus $12,940), for 1982, 1983, and 1984, respectively. However, the disallowed farm losses were $13,227, $16,636, and $9,481, for the same respective years. [4]
Accordingly, for 1982 and 1983, the disallowed farm losses due to negligence exceed the total of all adjustments to taxable income, which explains *578 why the "portion[s] of the underpayment[s] * * * attributable to negligence" for purposes of section 6653(a)(2) are the full redetermined deficiencies in such years. This was not the case for 1984. For 1984, the ratio of disallowed farm losses to total adjustments made to taxable income ($9,481/$10,244) times the redetermined deficiency ($2,377) equals $2,200. This amount exceeds the figure of $2,134 proposed by respondent as the portion of the underpayment attributable to negligence. This minor difference is due to the effect of adjustments to claimed investment tax credits on the computation. To reflect the foregoing, An appropriate decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩
2. Petitioner's computation of the amount of negligent underpayment (x) may be algebraically expressed as follows: x / Negligent farm losses = Redetermined deficiency / Redetermined taxable income ↩
3. Respondent's computation was based upon an exhibit contained in the Internal Revenue Manual, which provides as follows: Audit Statement Exhibit -- Section 6653(a)(2)
Schedule XXX
Computation of underpayment attributable to negligent transactions under section 6653(a)(2) of the Internal Revenue Code. Total taxable income (includes all items adjusted)
$
Less negligent items adjusted
(1)
(2)
(3)
Taxable income without regard to
negligent transactions
Total tax liability as adjusted ($ $ taxable income)
Less: tax liability without
regard to negligent
transactions
($     taxable
$
income)
Difference--underpayment attributable
to negligent transactions
$ [Internal Revenue Manual - Administration, Audit Section Handbook, Part VIII - Appeals, Exhibit 300-31.]↩
4. Respondent's computation shows taxable income due to negligent items of $13,227, $16,636, and $9,481, for 1982, 1983 and 1984, respectively. Petitioners computation shows taxable income due to negligent items of $13,274, $16,636, and $9,679 for the same respective years. Thus, respondent's computation shows lower taxable income due to negligent items for 1982 and 1984. Use of respondent's loss figures results in lower additions to tax under sec. 6653(a)(2)↩ in 1982 and 1984 under respondent's method for computing the additions to tax, which we have accepted. Accordingly, we will assume that petitioner does not object to the lower amounts and will accept respondent's negligent farm loss figures as correct.